[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12155
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20874-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAN RENE SAJOUS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 26, 2018)

Before WILLIAM PRYOR, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Alan Sajous appeals *pro se* the denial without prejudice of his motion to seal records. Sajous sought to seal records to prevent retaliation for his past cooperation with the government to prosecute his cohorts for using stolen identities to fraudulently obtain tax refunds. The district court ruled that Sajous had "not provided any factual basis relating to himself or his family that provides a basis for sealing entries in the court's docket." We affirm.

The district court has "discretion to determine which portions of the record should be placed under seal, but [that] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). In addition, "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial documents and records." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). The presumption favoring public access to trial documents may be overcome if a party establishes that his rights are undermined by publicity. *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cty.*, 478 U.S. 1, 9 (1986). To rebut the presumption in favor of public access, the requesting party must establish that sealing the records "is essential to preserve

2

higher values and is narrowly tailored to serve that interest." *Id.* (quoting *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

The district court did not abuse its discretion when it denied Sajous's motion to seal records. Sajous sought to seal documents and transcripts in three different sentencing proceedings during which he and prosecutors described the extent of his assistance as a government informant. Sajous speculated that he or his family might be harmed based on retaliation allegedly inflicted on the families of defendants in unrelated cases. Sajous mentioned no threat made to him or his family even though all of the documents that he sought to seal had been available to the public for at least a year and his cohorts had known of the extent of his cooperation for at least that length of time. Without some evidence that sealing the records of Sajous's sentencing proceedings was necessary to protect him and his family's safety, Sajous could not overcome the presumption in favor of allowing the public access to his records.

We **AFFIRM** the denial of Sajous's motion to seal.